Moss, Judge,
delivered the opinion of the court:
On May 9, 1918, the Butterworth-Judson Corporation entered into a contract with the United States by the terms of which the contractor was to design, construct, and equip a plant for the production of picric acid and to manufacture and deliver to the Government 72,000,000 pounds of such product, for which the Government was to pay to the contractor actual cost plus certain percentages of profit. It was provided in said contract as follows:
“Article Y. Subcontracts.- — The contractor may with the written approval of the contracting officer perform any part of the construction work under this contract through the means of subcontracts, but such subcontracts shall contain a reference to this contract and an express provision that they are subject to all provisions hereof and that they may be assigned by the contractor. * * * ”
“Article XVI. Moneys to be advanced by the limited States. — The contracting officer shall on the delivery of this contract recommend to the War Credits Board that it approve an advance payment to the contractor for the supplies herein contracted for in the sum of $1,500,000 upon such terms and conditions and secured in such manner as said board shall prescribe. * * * ”
“Article XXVI. Termination of contract. — This contract, including any extension thereof, may be terminated and cancelled by notice in writing to the contractor by the Chief of Ordnance, as follows:
“ 1. At any time because the need for the plant or its output has ceased to exist; * *
“ In any case termination for the first-named cause all obligations of the contractor necessarily incurred hereunder outstanding at the date of the termination or which may thereafter arise shall be assumed by the United States, and *103 the United States shall save harmless the contractor in respect of all liabilities in connection therewith.”
On June 18, 1918, the contractor entered into a written contract with Eobert Hugger and Emil S. Hugger, copart-ners, doing business under the name of Hugger Brothers, for certain construction work required of the contracto^ under its principal contract of May 9, 1918, which subcontract was duly approved by the authorized representative of the contracting officer of the Government. The specific services required of Hugger Brothers under their subcontract were the unloading, handling, and placing certain lead, as directed by the Butterworth-Judson Corporation, for which Hugger Brothers were to receive as compensation a fee or commission based upon the cost of the lead to the War Department.
On or about December 6,1918, the United States terminated the contract of May 9, 1918, for the stated reason that the need of the plant and its output had ceased to exist. Thereafter, and in due time, plaintiffs, Hugger Brothers, submitted their claim for balance for services rendered under their contract in the sum of $14,062.04, which claim was allowed by the War Department and transmitted to the General Accounting Office for direct payment to plaintiffs, and on June 2,1922, said claim was disallowed. On April 22, 1922, in a creditors’ suit in the United States District Court for* the Southern District of New York, Thomas G. Haight, one of the plaintiffs in the amended petition, filed March 29, 1928, was appointed as receiver for the contractor, Butterworth-Judson Corporation.
The original petition herein was filed on May 25, 1925, by Eobert Hugger and Emil S. Hugger, copartners, doing business under the name of Hugger Brothers. On July 24, 1925, defendant filed a general traverse. On March 3, 1927, an agreed statement of facts Avas filed. On February 28, 1928, the case was argued and submitted on its merits, and on March 5, 1928, it was remanded by order of the court with leave to plaintiffs to amend their petition, the order containing the following memorandum: “ It appears to the court that a suit by the contractor, for the use of the plain *104 tiffs, or by the receiver of the contractor, for the use of plaintiffs, might be maintained, and the court therefore gives the plaintiffs an opportunity to make an amendment accordingly.” Thereafter, on March 29,1928, plaintiffs filed an amended petition making said receiver, Thomas G. Haight, a party plaintiff, suing for the sole use and benefit of Hugger Brothers. It is now the contention of defendant that the receiver is barred from recovery herein by the statute of limitations, section 156 of the Judicial Code. It will be observed that the contract between Butterworth-Judson Corporation and Hugger Brothers contained the provision, “ The contractor shall not be required to make any payment to the subcontractor pursuant hereto, unless and until such payment shall have been authorized and approved by the construction division of the Army as an expenditure for which the contractor is entitled to reimbursement under the main contract of May 9, 1918.” One of the grounds for the disallowance of payment on the claim in controversy, was that the claim had not been approved by the construction division of the Army. Thereafter, on June 22,1922, the payment of said claim was duly authorized and approved in writing by said construction division of the Army. It was not until June 22, 1922, that Butterworth-Judson Corporation could have been required to pay said claim. This was therefore the date of the accrual of a cause of action in favor of Butterworth-Judson Corporation on account of said claim. The amended petition asserting the right of recovery by Haight, receiver, suing for the use and benefit of Hugger Brothers, was filed March 29,1928, which was within the period of the statute of limitations.
It is also urged by defendant that said receiver is barred from recovery by virtue of a decree entered in the New York District Court in the receivership action, consolidated with an action brought by the United States against Butterworth-Judson Corporation, whereby the court decreed a judicial release of the United States “ from all claims and demands of the Butterworth-Judson Corporation, and its receiver, arising out of the contracts of May 9, and May 22, 1918, respectively, set forth in the bill of complaint in the suit by the *105 United States of America, against Butterworth-Judson Corporation, et al.” Defendant’s contention on this point i.s not tenable. On June 22, 1922, when payment by Butterworth-Judson Corporation might legally have been demanded said corporation was in the hands of the receiver, and all payments by it had been suspended. Butterworth-Judson Corporation, not having paid the Hugger Brothers’ claim, had no claim against the United States on account of same at the date of the entry of said decree, nor was said claim involved in any maimer in the decree referred to. It should also be noted that the court which entered said decree specifically retained jurisdiction in said consolidated actions, and by judgment entered March 29, 1928, authorized and directed the receiver to join as party plaintiff in this action and to demand that payment be made of the claim of Hugger Brothers for their sole use and benefit.
The court is of the opinion that Haight, receiver, is a proper party plaintiff, and is entitled to recover herein for the use and benefit of Hugger Brothers, and it is so adjudged and ordered.
GeeeN, Judge; and Booth, Chief Justice, concur.
Geaham, Judge, took no part in the decision of this case.